NOT RECOMMENDED FOR PUBLICATION
File Name: 10a0276n.06

No. 09-5983

**FILED**
**May 05, 2010**
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| **BILLY JOSEPH FRENCH,** )<br>)<br>     **Plaintiff-Appellant,** )<br>)<br>**v.** )<br>)<br>)<br>**DAVIESS COUNTY, KENTUCKY; DAVID** )<br>**OSBORNE, Individually, and in his official** )<br>**capacity as the Daviess County Jailer; JOHN** )<br>**AND JANE DOES, NOS. 1, 2, AND 3,** )<br>**Individually and in their official capacity as** )<br>**officers and employees of the Daviess County** )<br>**Detention Center; CAROL BYRD, ARNP;** )<br>**WILLIAM SCOT CHAPMAN, MD,** )<br>)<br>     **Defendants-Appellees.** | **ON APPEAL** FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |

BEFORE:    MERRITT, COLE, and COOK, Circuit Judges

   **MERRITT, Circuit Judge.**  This is a prison medical malpractice case in which the prisoner, Billy French, claims under 42 U.S.C. § 1983 that the defendants violated the Eighth Amendment Cruel and Unusual Punishment standard; namely, that the defendants were "deliberately indifferent to his serious medical needs" by purposely disregarding a known risk of harm while he was incarcerated at the Daviess County Detention Center.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976)("deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'") for the standard of care required for this Constitutional tort.  More

No. 09-5983
French v. Daviess County, Kentucky, et al.

specifically, he claims that the defendants, all staff of the detention center, were deliberately indifferent by placing him on a Valium detoxification protocol instead of providing him with his prescription Xanax and by denying him prescription Lorcet pills for chronic back pain.  We affirm the District Court's grant of summary judgment which we review *de novo*.  *See Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004).  Taking the material facts in the prisoner's favor, the primary issues are (1) whether French even had a serious medical need for the Lorcet prescription, and (2) whether the substitution of the Valium detoxification protocol for the Xanax prescription amounted to a "wanton infliction of pain."  After carefully reviewing the entire record, we find that French's Eighth Amendment rights were not violated.

The Cruel and Unusual Punishment Clause of the Eighth Amendment guarantees federal inmates the right to adequate medical care, and the Fourteenth Amendment extends this right to inmates incarcerated by the states.  *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005).  Like all intentional torts, a claim for prison medical malpractice has two distinct elements: injury to the prisoner's objective interest – in this case, his "serious medical needs" – and the subjective intent of jail officials, defined in this case as the "wanton infliction of pain."  To satisfy the subjective intent element, we have said that a prisoner in French's situation must allege facts that show that the state actor "subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk."  *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

French did not have a serious medical need for narcotic pain medication; and, consequently, we need not discuss whether the denial of Lorcet was a "wanton infliction of pain."  At no time did

No. 09-5983
*French v. Daviess County, Kentucky, et al.*

a physician "mandate" narcotic pain medication, such as Lorcet, for French's treatment, and French's need for Lorcet was not obvious to jail officials. While French had a prescription for Lorcet at the time of his incarceration, when jail nurses contacted French's primary physician to confirm the prescription, the doctor's office only informed the nurses as to French's blood thinning medication. Further, the emergency room doctor who treated French for alleged seizures did not prescribe narcotic pain medication for French, despite stating that he would have if medically necessary. Likewise, Dr. Allen, a physician at the psychiatric center French was later transferred to, did not prescribe narcotic pain medication, though he stated that he would have if medically necessary. As to the obviousness of the need for Lorcet, French never completed a medical request form complaining of back pain. (District Ct. R. 110, Exhibit 8.) He did not provide jail officials at the time of his incarceration with a prescription or any other verifying documents to support his claim that he needed or had a prescription for narcotic pain medication, and he did not allege on the intake form that he was experiencing back pain. (District Ct. R. 84, Exhibit 10.) French has failed to show that he had a serious medical need for narcotic pain medication at the time of his May 2007 incarceration; and, therefore, jail officials did not deliberately disregard a known risk.

With regard to French's claim for Xanax, French may have had a serious medical need for Xanax, or something like it, but jail officials did not wantonly inflict pain on French by placing him on a Valium detoxification protocol to wean him off of Xanax. Xanax is a highly addictive medication, which can cause serious withdrawal symptoms like seizures and delirium if discontinued abruptly. *French v. Daviess County, Ky.*, No. 4:07CV-105-M, 2009 WL 1766928, at * 3 (W.D. Ky. June 23, 2009). French alleges that the detoxification protocol caused him to have no fewer than

No. 09-5983
*French v. Daviess County, Kentucky, et al.*

seven seizures, although the nature, duration, or effect of the seizures is not alleged. (French Br. at 7). Courts have found withdrawal symptoms to qualify as a serious medical need. *See, e.g.*, *Mayo v. County of Albany*, No. 09-1745-cv, 2009 WL 4854022, at *2 (2d Cir. Dec. 17, 2009) (heroin and alcohol withdrawal); *Sylvester v. City of Newark*, 120 F. App'x 419, 423 (3d Cir. 2005) (acute drug withdrawal); *Foelker v. Outagamie County*, 394 F.3d 510, 513 (7th Cir. 2005) (methadone withdrawal). Consequently, we will assume that French had a serious medical condition arising out of his apparently strong addiction to Xanax.

Despite French's serious medical need for Xanax, jail officials did not have a sufficiently culpable state of mind when deciding to place him on a detoxification protocol. French's experts have stated that removing him from Xanax "cold turkey" could have serious consequences, but no "cold turkey" action was taken here. (District Ct. R. 25, Exhibit 4.) Instead, Valium was used to gradually wean French from Xanax. Valium and Xanax are both benzodiazepines. (Chapman Br. at 7.) Courts have found Xanax detoxification protocols, using such substitutes, to be constitutional. *See Chatham v. Adcock*, 334 F. App'x 281, 288-89 (11th Cir. 2009); *Burdette v. Butte County*, 121 Fed. App'x 701, 702 (9th Cir. 2005) (prison doctor's decision to taper an inmate off of Xanax does not qualify as deliberate indifference to a serious medical need); *see also Thomas v. Webb*, 39 F. App'x 255, 256 (6th Cir. 2002) (finding that jail official's refusal to provide Xanax was not deliberately indifferent when inmate had history of substance abuse).

Further, Dr. Troost, the emergency room doctor who treated French for his seizures, stated that Valium is the equivalent of Xanax and that the jail's detoxification program should have remedied any withdrawal symptoms. (Troost Dep. at 20); *see also Burdette*, 121 F. App'x at 702 (9th

No. 09-5983
French v. Daviess County, Kentucky, et al.

Cir. 2005) (noting that similar tapering-off program presented only a slight statistical risk of serious side effects). Where the question is one of administering a highly addictive drug on a continuing basis in the prison setting, the prison staff should have some discretion; and we do not think that the Valium substitute meets the standard of an "unnecessary and wanton infliction of pain" under *Estelle v. Gamble*. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004).

In addition to claiming that jail officials were deliberately indifferent in their direct care, French has also stated a claim against them in their supervisory individual capacities for the "no-narcotics" and "no-Xanax" policies that they allegedly adopted. At least one lower court has held that summary judgment for a jail was inappropriate when the jail utilized a written, blanket policy forbidding prescribed narcotics, *Estate of Clutters v. Sexton*, No.1:05cv223, 2007 WL 3244437 at *10 (S.D. Ohio Nov. 2, 2007). But it is undisputed that here there is no written policy forbidding the dispensing of narcotic pain medication. French acknowledges that the jail dispensed narcotic pain medication to inmates on at least two occasions, which belies his assertion of a blanket policy. (French Br. at 4) In sum, the record indicates that French was denied his pain medication based on a reasoned, individualized medical determination.

French also alleges the existence of a "no Xanax" policy at the jail. Even if such a policy exists, French has failed to show that such a policy was unconstitutional as applied to him. The emergency room doctor who treated French following his seizures stated that French's medical

*No. 09-5983*
*French v. Daviess County, Kentucky, et al.*

records back to 2005 supported the inference of a "very abusive relationship" with drugs, specifically, benzodiazepines (e.g., Xanax). While under other circumstances a prisoner might establish that this Valium detoxification protocol is unconstitutional, the facts of this case do not support such a claim because the protocol as applied to French – given his history of drug abuse – did not give rise to a rise to a "wanton infliction of pain." The material facts indicate that the doctors and prison staff were attempting to act in the best interests of the prisoner and did not disregard his well-being or make any significant mistake by disregarding a known risk of injury.

Finally, French brings a § 1983 claim against Daviess County and against Osborne, Byrd and Chapman in their official capacities. The claims against Osborne, Byrd and Chapman in their official capacities are equivalent to claims against Daviess County itself. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). This Court must determine under § 1983 "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Because French did not suffer a constitutional violation, the County cannot be found liable under § 1983. Further, there is no evidence that the County was the moving force behind the alleged policies or decisions of its medical employees.

In conclusion, jail officials were not able to obtain reliable information that French needed narcotic pain medication or Xanax. Officials instead made reasoned, individualized determinations as to French's care, such as placing him on a detoxification protocol and transporting him to the hospital. Consequently, jail officials were not deliberately indifferent to French's serious medical needs.

*No. 09-5983*
*French v. Daviess County, Kentucky, et al.*

    Accordingly, the judgment of the District Court is affirmed.